IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PAULA MITCHELL, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. _____ |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | : | |
| Defendant. | : | |

COMPLAINT

COMES NOW, Plaintiff in the above-styled action, PAULA MITCHELL, (hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., shows this Court the following:

1.

Plaintiff is an individual residing at 909 Will Scarlet Way, Macon, Bibb County, Georgia 31220.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits due to her under the terms of her plan.

3.

Defendant, Life Insurance Company of North America, (hereinafter "Defendant"), is a corporation organized and existing pursuant to the laws of the State of Pennsylvania. Defendant at all times relevant to this Complaint maintained offices and conducted business in the State of Georgia. Service of process may be perfected upon Defendant's registered agent, C. T.

Corporation System, 289 S. Culver Street, Lawrenceville, Georgia  30046.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff is 63 years old.  At the time of her "disability," she was employed as an RN Staff Nurse with Navicent Health, Inc., which provided a Long Term Disability (LTD) Plan and a Life Insurance Plan which was insured by Defendant Policy Numbers: LK0980126 and FLX0980161/FLX0980162, respectively, (hereinafter "the Plans").

7.

At all relevant times hereto, Navicent Health, Inc., was an employer engaged in commerce; therefore, the Plans are governed by ERISA pursuant to 29 U.S.C. §1003(a).

8.

At all times during the course of her employment with Navicent Health, Inc., Plaintiff was a participant in the Plans and is, therefore, entitled to benefits from the same.

9.

Plaintiff's disability commenced on or about March 9, 2015, and she filed timely claims with Defendant.  Pursuant to the terms of the LTD Plan, she was ineligible to receive LTD benefits until the expiration of the applicable "elimination period" of 180 days.

10.

Plaintiff provided Defendant with medical documentation that showed she was "disabled" under the terms of the Plans due to multiple impairments including, but not limited to:

back and neck conditions, rotator cuff repair, bilateral carpel tunnel syndrome, cubital left elbow, hip pain, bilateral knee arthritis, and foot wounds from diabetes.

11.

Upon review, Defendant approved Plaintiff's claims and paid her monthly LTD benefits and provided the Life Waiver of Premium (LWOP) benefits through June 15, 2017. At that time, Defendant terminated Plaintiff's benefits based on the Plans' definitional switch from "regular occupation" to "any occupation." This was despite the fact that Plaintiff was determined "disabled" by the Social Security Administration (SSA) and awarded Social Security Disability (SSD) benefits.

12.

Plaintiff timely appealed Defendant's decision to terminate her LTD and LWOP benefits and submitted additional supportive medical information including updated treatments notes, residual functional capacity (RFC) questionnaire, Functional Capacity Evaluation (FCE), and an Employability Analysis (EA).

13.

However, despite Plaintiff's submissions, on June 26, 2019, Defendant ignored Plaintiff's argument and evidence and affirmed its decision. Furthermore, Defendant indicated that Plaintiff had exhausted all administrative levels of appeal.

14.

Defendant's failure to determine that Plaintiff continues to be eligible for LTD and LWOP benefits on the basis of her demonstrated "disability" and its termination of said benefits was "arbitrary and capricious" and the result of its disregard of medical and vocational documentation showing that Plaintiff remains "disabled" under the terms of the Plans.

**WHEREFORE**, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of her full LTD benefits accrued and unpaid to date;

(b) Order Defendant to retroactively reinstate Plaintiff's LWOP benefit;

(c) Order Defendant to reinstate and pay Plaintiff her monthly LTD benefit to which she is entitled from this point forward;

(d) Order Defendant to pay Plaintiff interest on all monies due and owed;

(e) Deny Defendant any applicable offsets as equitable relief;

(f) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against Defendant; and

(g) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 23rd day of July, 2019.

        WESTMORELAND, PATTERSON, MOSELEY
          & HINSON, LLP
        Attorneys for Plaintiff


        s/BRADLEY G. PYLES
        Georgia Bar No.:  590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
Telephone: (478) 745-1651